J-S36045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                             :            PENNSYLVANIA
           Appellee       :
                                             :
            v.                   :
                                           :
ANTHONY GILLARD           :
                                           :
          Appellant      :        No. 2738 EDA 2017

Appeal from the PCRA Order July 25, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0635791-1990

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

JUDGMENT ORDER BY GANTMAN, P.J.:         **FILED OCTOBER 16, 2018**

Appellant, Anthony Gillard, appeals *pro se* from the order entered in the

Philadelphia County Court of Common Pleas, which dismissed as untimely his

serial petition brought pursuant to the Post Conviction Relief Act ("PCRA") at

42 Pa.C.S.A. §§ 9541-9546. On December 18, 1990, following a bench trial,

the court convicted Appellant of first-degree murder and possessing an

instrument of crime ("PIC"). The court sentenced Appellant that same day to

a mandatory life sentence without parole for the murder conviction and a

concurrent sentence of one to two years' imprisonment for PIC. This Court

affirmed the judgment of sentence on February 13, 1992. Appellant sought

no further review, so the judgment of sentence became final on or about

Monday, March 16, 1992. Between 1992 and 2014, Appellant filed numerous

unsuccessful petitions for collateral relief. Appellant filed his current petition

on April 4, 2014, followed by various supplemental petitions, which the court treated under the PCRA. The court issued notice on May 31, 2017, of its intent to dismiss without a hearing, per Pa.R.Crim.P. 907; Appellant filed several *pro se* responses to the notice. On July 25, 2017, the court denied collateral relief. Appellant timely appealed *pro se* on August 15, 2017. No concise statement of errors complained of on appeal per PA.R.A.P. 1925(b) was ordered or filed.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, the judgment of sentence became final on or about Monday, March 16, 1992, upon expiration of the thirty days to file a petition for allowance of appeal with our Supreme Court. **See** Pa.R.A.P. 1113. Appellant filed his current petition on April 4, 2014, which he concedes is patently

untimely. Attempting to satisfy a statutory exception,[1] he cites ***Alleyne v. United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) to challenge the sentence as illegal. Nevertheless, ***Alleyne*** does not apply retroactively on collateral review to this judgment of sentence, which became final more than twenty years before ***Alleyne*** was decided. ***See Commonwealth v. Washington***, 636 Pa. 301, 142 A.3d 810 (2016) (holding ***Alleyne*** does not apply to sentences which became final before ***Alleyne*** was decided). Further, ***Alleyne*** does not currently serve as an exception to the PCRA time-bar. ***See Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super. 2014) (holding petitioner cannot use ***Alleyne*** to satisfy "new constitutional right" exception to PCRA timeliness requirements). Appellant analogizes to ***Miller v. Alabama***, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and ***Montgomery v. Louisiana***, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) to argue for resentencing relief under ***Commonwealth v. Batts***, 620 Pa. 115, 66 A.3d 286 (2013) and ***Commonwealth v. Batts***, 640 Pa. 401, 163 A.3d 410 (2017). Both ***Batts*** cases, however, addressed the resentencing of juveniles who had received life sentences without parole; the cases do not apply here. Thus, Appellant's current PCRA petition remains time-barred. Accordingly, we affirm.

Order affirmed.

---

[1] Appellant offers a convoluted combination of the governmental interference and new constitutional rights exceptions to the statutory time bar.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/16/18</u>